UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:12-cr-40031-SLD-JEH-3 |
| DARRION CAPERS, | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Darrion Capers's pro se motion for compassionate release, ECF No. 445, and counseled Amended Motion for Compassionate Release, ECF No. 448, and the United States' Motion to File Exhibit Under Seal, ECF No. 450.  For the reasons that follow, the motions for compassionate release are DENIED, and the motion for leave to file under seal is GRANTED.

**BACKGROUND**

On February 13, 2014, Defendant was sentenced to 188 months of imprisonment for conspiracy to distribute crack cocaine.  *See* Judgment 1–2, ECF No. 252.  His sentence was later reduced to 151 months because of an amendment made to the United States Sentencing Guidelines.  *See* Order, ECF No. 393.  He is currently serving his sentence at Federal Correctional Institution Oxford in Oxford, Wisconsin and is scheduled to be released May 28, 2023.  *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for Darrion Capers) (last visited Jan. 13, 2021).  In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court appointed the Federal Public Defender to represent Defendant with respect to this motion.  *See* Sept. 28, 2020 Text Order.  An amended motion was

1

filed by counsel on October 6, 2020.  The United States opposes Defendant's request for compassionate release.  Resp., ECF No. 451.

## DISCUSSION

### I.      Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C. § 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  "The defendant has the burden to show he is entitled to a sentence reduction."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### II.     Analysis

Defendant argues that the Court should release him because he has a medical condition, asthma, that places him at risk for severe illness from COVID-19, and though he has had COVID-19 already,[1] he remains at risk.  Am. Mot. Compassionate Release 2–8.  Further, he

---

[1] Defendant tested positive for COVID-19 on September 22, 2020, Resp. 1, so presumably he is no longer infected. The parties did not provide medical records dating past October 4, 2020.

argues that "the Court should conclude that the time [he] has already served is sufficient to satisfy the purposes of sentencing." *Id.* at 10–12.  The United States argues that Defendant has failed to show an extraordinary and compelling reason for release and that Defendant's "argument for release also fails upon consideration of the § 3553(a) factors, given his significant criminal history, the violence involved, and [his] high likelihood of recidivism."  Resp. 1.[2]

The compassionate release statute directs the Court to make three considerations: 1) whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission"; and 3) whether a reduction would be consistent with the factors listed in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A).  The Seventh Circuit, however, recently held that there is no applicable policy statement with which a sentence reduction must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

Defendant is presumably, though not explicitly, arguing that the COVID-19 pandemic in conjunction with his asthma is an extraordinary and compelling reason for release.  *See, e.g.*, Am. Mot. Compassionate Release 2–3.  He acknowledges that he has already tested positive for COVID-19 but argues that he may suffer from long-term complications, he may become re-infected, and he poses a risk to BOP staff and other inmates.  *Id.* at 4–7.  The United States argues that "[D]efendant's asthma is not an extraordinary and compelling reason for release because mild asthma does not pose an increased risk [for contracting a severe case of] COVID-

---

[2] Because the United States does not contend Defendant has failed to exhaust his administrative remedies, the Court need not address the exhaustion requirement.  *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

19." Resp. 1. It also argues that Defendant's COVID-19 infection was asymptomatic and that this "reinforces that his medical condition is not extraordinary and compelling." *Id.* at 8.[3]

      This Court has previously found that a defendant establishes an extraordinary and compelling reason for release if he has a medical condition that increases his risk of severe illness from COVID-19. *See, e.g.*, *United States v. Zarate*, 2:14-cr-20065 (C.D. Ill. Sept. 18, 2020); *cf.* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii) (providing that extraordinary and compelling reasons for release exist if a defendant suffers from a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"). Though Defendant appears to be arguing that he has shown an extraordinary and compelling reason for release in this way, he has not met his burden to establish that he has a condition that puts him at risk for severe illness from COVID-19. He undisputedly has asthma, but the Centers for Disease Control and Prevention ("CDC") recognize only that people with moderate-to-severe asthma might be at an increased risk for severe illness from COVID-19. *See* People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020). Defendant acknowledges this but argues that the severity of his asthma has increased as evidenced by the fact that he was recently prescribed a maintenance inhaler to be used daily. Am. Mot. Compassionate Release 3–4 n.3. The United States provided to the Court Defendant's BOP medical records from as recently as October 4, 2020. These records confirm that in August 2020, Defendant was prescribed a low dose of mometasone furoate to be taken via an inhaler daily. But on the same day, Defendant's medical provider classified his asthma as mild and

---

[3] The United States also argues that releasing Defendant would be dangerous since he has COVID-19, Resp. 9, but again, presumably Defendant is no longer infected or contagious.

intermittent. Defendant has not established that he has moderate-to-severe asthma, so the Court will not find that his asthma constitutes an extraordinary and compelling reason for release.

To the extent Defendant is also arguing that the COVID-19 pandemic itself or the risk that he will become re-infected with COVID-19 constitute extraordinary and compelling reasons for release, those arguments are denied. For the reasons stated in *United States v. Hedeen*, No. 4:16-cr-40051-SLD (C.D. Ill. July 14, 2020), and *United States v. Williams*, No. 2:12-cr-20011-SLD (C.D. Ill. July 13, 2020), the Court does not find that the pandemic alone constitutes an extraordinary and compelling reason for release. Reiterated here briefly, the Court does not believe that the mere threat of contracting COVID-19, a circumstance applicable to all inmates—indeed, to all people, though most people outside of correctional settings are better able to practice precautions to avoid infection—should constitute an extraordinary and compelling reason for release. Instead, the Court reads the statute to require a threshold finding of extraordinary and compelling circumstances specific to each inmate. With respect to the current pandemic, a defendant needs to show more than the mere existence of COVID-19 in his institution or a potential for exposure to COVID-19.

That Defendant may not be immune because of his first infection does not constitute an extraordinary and compelling reason for release either. The medical records provided to the Court show that while Defendant may have had some symptoms during his first COVID-19 infection, he had no serious complications. Without more, Defendant's argument that he may become re-infected is in effect no different than the argument that the potential for COVID-19 exposure and infection constitutes an extraordinary and compelling reason for release. The Court has already rejected that argument.

Defendant has failed to show an extraordinary and compelling reason for release, so the Court denies his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

Accordingly, Defendant Darrion Capers's pro se motion for compassionate release, ECF No. 445, and counseled Amended Motion for Compassionate Release, ECF No. 448, are DENIED.  The United States' Motion to File Exhibit Under Seal, ECF No. 450, is GRANTED because Defendant's medical records should be sealed.

Entered this 13th day of January, 2021.

                                                    s/ Sara Darrow
                                                    SARA DARROW
                                      CHIEF UNITED STATES DISTRICT JUDGE